IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiffs,<br><br>v.<br><br>ISRAEL LUIS GONZALEZ,<br><br>Defendant. | Case No. 1:22-CR-00054<br><br><br>**MEMORANDUM DECISION**<br><br><br>Judge David Sam |

This matter is before the court to consider Defendant Israel Luis Gonzalez' Renewed Motion to Dismiss Indictment with supporting memorandum. ECF 75, 76. Mr. Gonzales moves for an order dismissing the indictment against him because he claims that the prosecution is barred by the personal liberties guarantees of the Second Amendment of the United States Constitution. Mr. Gonzalez argues that based on the recent case *New York State Rifle & Pistol Association, Inc. v. Bruen,* 142 S. Ct. 2111 (2022), which establishes a new constitutional test for firearm restrictions, the statutes under which he is charged are unconstitutional. The court finds the Defendant's challenges based on *Bruin* to be without merit and therefore denies the motion.

Defendant Gonzalez is charged in Counts I, II, III and IV of the indictment. Count I alleges violations of 18 U.S.C. §§ 371 and 924(n), Conspiracy to Travel Interstate with Intent to Engage in the Business of Dealing Firearms Without a License, which inherently encompasses a violation of 18 U.S.C. § 922(a)(l)(A), Dealing Firearms Without a License. Count II charges a

1

violation of 18 U.S.C. § 1956(h), Conspiracy to Commit Money Laundering, with the conduct giving rise to Count I acting as the specified unlawful activity for Count II. Finally, Counts III and IV involve violations of 18 U.S.C. § 922(a)(6), False Statements During the Acquisition of Firearms. Mr. Gonzalez argues that under the *Bruen* holdings, all of the above statutes are unconstitutional, facially and as applied to Mr. Gonzalez.

The United States Supreme Court issued the *Bruen* decision on June 23, 2022. 142 S.Ct. 2111 (2022). *Bruen* involved a New York law making it a crime to possess a firearm without a license, both inside and outside the home. Although the law provided a mechanism for individuals to obtain a license, it required that applicants demonstrate a specific need for self-defense. *Id.* at 2117. The Supreme Court held that the Second Amendment protects an individual's right to carry a handgun *for self-defense* both in the home and outside of the home and concluded that New York's licensing regime violated the Constitution. In doing so the Court "reiterated[d] that the standard for applying the Second Amendment is as follows: When the Second Amendment's plain test covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.* at 2129-30.

In his Motion to Dismiss Indictment, Mr. Gonzalez premises his "personal liberty interest" on the unsupported assertion that the charged statutes implicate the Second Amendment. He simply states that he is part of "the people" who are provided protection by the Second Amendment (ECF 76 at 2), and then spends the remainder of his brief analyzing historical traditions involving firearm regulations. He concludes that there were no restrictions similar to the charged statutes at the ratification of the Second Amendment and, as a result, the charged statutes must be deemed unconstitutional. ECF 76 at 6.

Mr. Gonzales reaches this conclusion, however, without adequately addressing the preliminary issue that must be addressed under *Bruen*—whether the regulations at issue affect conduct protected by the Second Amendment. His initial assumption that he is part of "the people" who are protected by the Second Amendment is faulty. As the government points out, "[t]o presume that the Second Amendment provides blanket protection in any case involving a firearm regulation is contrary to the Court's holding in *Bruen*." *See Bruen,* 142 S.Ct. at 2156 (acknowledging that the Second Amendment is "subject to certain reasonable, well-defined restrictions." (*quoting Heller,* 554 U.S. 581)).

Before *Bruen*, the Supreme Court held that the Second Amendment "protect[s] an individual right to keep and bear arms for self-defense." *District of Columbia v. Heller*, 554 U.S. 570, 595 (2008). In *Heller*, the Court emphasized that "[l]ike most rights, the right secured by the Second Amendment is not unlimited." *Id.* at 626. The Court then stated that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons . . . or laws imposing conditions and qualifications on the commercial sale of arms." *Id.* at 627. Two years after *Heller*, a plurality of the Court in *McDonald v. City of Chicago* "repeat[ed]" its "assurances" that *Heller* "did not cast doubt on such longstanding regulatory measures as 'prohibitions on the possession of firearms by felons.'" 561 U.S. 742, 768 (2010) (quoting *Heller,* 554 U.S. at 626).

Drawing from its earlier opinions in *Heller* and *McDonald*, the Court in *Bruen* emphasized that the "plain text" of the Second Amendment, specifically "the right of the people to keep and bear Arms," "guarantee[s] the individual right to possess and carry weapons in case of confrontation." *Bruen* at 2127 (*quoting Heller,* 544 U.S. at 592). The Court repeatedly referred to the covered conduct as "an individual right to **self-defense**." *Id.* (emphasis added); *see also,*

*e.g., id. at 2118* (Second Amendment "'surely elevates above all other interests the right of law-abiding, responsible citizens to use arms' for self-defense." (*quoting Heller*, 544 U.S. at 635)); *id. at* 2133 ("As we stated in *Heller* and *McDonald*, 'individual self-defense in the '*central component*' of the Second Amendment Right.'") (emphasis in original); *id.* at 2134 ("*Heller* further confirmed that the right to 'bear arms' refers to the right to 'wear, bear, or carry . . . upon the person or in the clothing or in a pocket, for the purpose . . . of being armed and ready for offensive or defensive action in a case of conflict with another person.'"); *id.* at 2135 ("self defense is 'the *central component* of the [Second Amendment] right itself.'") (emphasis in original).

    Mr. Gonzalez has put forth no arguments to demonstrate how any of the charged counts regulate or restrict conduct protected by the Second Amendment—namely the Defendant's ability to possess firearms for self-defense. Rather, the violations involve false statements to acquire firearms, the repeated transfer of firearms without a license, and proceeds derived from those activities. These types of regulations do not in any way limit Mr. Gonzales' ability to defensively arm himself. And without this initial showing, *Bruen's* historical analysis is unnecessary and unwarranted.

    Based on the foregoing, the court hereby DENIES Mr. Gonzalez's Renewed Motion to Dismiss Indictment (ECF 75).

DATED this  9th  day of  December  2022.

                                              BY THE COURT:

                                              _____
                                              David Sam
                                              United States District Court Judge